2010 ND 145

In the Matter of the JUDICIAL VACAN-CY IN DISTRICT JUDGESHIP NO. 4, WITH CHAMBERS IN NEW ROCK-FORD, NORTH DAKOTA, SOUTH-EAST JUDICIAL DISTRICT.

In the Matter of the Petition to Change the Resident Chambers for District Judgeship No. 4, Southeast Judicial District, from New Rockford, North Dakota, to Carrington, North Dakota.

In the Matter of the Petition to Change the Resident Chambers for District Judgeship No. 4, Southeast Judicial District, from New Rockford, North Dakota, to Lisbon, North Dakota.

Nos. 20100130, 20100169, 20100174.

Supreme Court of North Dakota.

Aug. 3, 2010.

PER CURIAM.

[¶ 1] On May 6, 2010, Governor John Hoeven notified Chief Justice Gerald W. VandeWalle under § 27–05–02.1 that a va-cancy existed in the position of district judge for the Southeast Judicial District after the Honorable James M. Bekken, District Judge for the Southeast Judicial District, passed away on May 3, 2010.

[¶ 2] On June 11, 2010, a Petition for Transfer and Filling of Judgeship No. 4, from New Rockford, North Dakota, to Carrington, North Dakota, was filed by Rodney Olson, Trial Court Administrator for Administrative Unit 2. An Amended Petition was filed June 15, 2010, by Mr. Olson. Proof of notice of the filing of the petition under N.D. Sup.Ct. Admin. R. 7.1 accompanied the Petition and Amended Petition. Under N.D.C.C. § 27–05–08, this Court has the authority to determine

the location of the chambers of the state's district judges.

[¶ 3] Also filed June 11, 2010, was a Resolution of the Ransom County Com-missioners requesting that Judgeship No. 4 be chambered in Lisbon. The Supreme Court treated this Resolution as a Petition under N.D. Sup.Ct. Admin. R. 7.1, and directed that the notice of this Petition be published in a newspaper in every county in the Southeast Judicial District.

I. Judicial Vacancy

[¶ 4] The question of whether the office is necessary for effective judicial adminis-tration in the Southeast Judicial District must first be determined before address-ing the petitions to transfer the judgeship. Under N.D.C.C. § 27–05–02.1, this Court is required to review vacancies that occur and determine, within 90 days of receiving notice of a vacancy, whether the office is necessary for effective judicial administra-tion. This Court may, consistent with that determination, order the vacancy filled in its current location or order the vacant office transferred to any location in which a judge is necessary for effective judicial administration. N.D.C.C. § 27–05–02.1(5).

[¶ 5] Under N.D. Sup.Ct. Admin. R. 7.2, notice of a written consultation with the attorneys and judges of the Southeast Judicial District was posted May 12, 2010, on the website of the Supreme Court. No-tice was also electronically provided to all presiding judges of the state. Written comments on the vacancy were permitted through June 14, 2010. For purposes of the consultation provided for under N.D.C.C. § 27–05–02.1, this procedure is sufficient for determining the disposition of the vacancy.

[¶ 6] Caseload and population informa-tion for the Southeast Judicial District, and other criteria identified in N.D. Sup. Ct. Admin. R. 7.2, § 4, were received in the Report of the Southeast Judicial Dis-

trict on June 11, 2010. Additionally, the State Court Administrator provided weighted caseload statistics for each of the counties of the Southeast Judicial District, as well as statewide. The weighted caseload study determines the amount of judicial resources needed to handle cases after weighting each type of case by the amount of time required to process an average case of that type. It also takes into account time not available for handling cases but which is required from a judge, such as travel time and time to handle administrative matters. The caseload studies show the Southeast Judicial District is one of the districts that has recently experienced a shortage of judicial FTEs (full-time equivalents). The shortage appears to be alleviated with the addition of the new judgeship created by the 61st Legislative Assembly in Jamestown effective January 1, 2010. See, *Chambering of the New Judgeship in the Southeast Judicial District*, 2009 ND 134, 770 N.W.2d 218.

### EXCESS (SHORTAGE) OF JUDICIAL FTEs

|  | EC | NEC | NE | NW | SC | SE | SW | Total |
|---|---|---|---|---|---|---|---|---|
| 2007 | (2.91) | 0.32 | 0.76 | (2.21) | (1.95) | (1.10) | (0.44) | (7.53) |
| 2008 | (3.41) | 0.38 | 0.75 | (2.70) | (2.76) | (1.13) | (0.40) | (9.27) |
| 2009 | (2.73) | 0.29 | (0.17) | (3.07) | (2.97) | (0.47) | (0.12) | (9.25) |
| Jan–March 2010 | (3.36) | 0.30 | 0.47 | (3.22) | (3.16) | 0.80 | (0.59) | (8.76) |

Although other districts have a shortage, no other district has requested a transfer of this judgeship, and we determine moving a judgeship from the Southeast Judicial District would make it difficult to provide effective judicial services to residents in that district.

[¶ 7] Under the criteria of N.D. Sup.Ct. Admin. R. 7.2, § 4, the Court has considered all submissions received by the Court and its own administrative records. We determine that Judgeship No. 4 is necessary for effective judicial administration in the Southeast Judicial District.

## II. Chamber Location

[¶ 8] The Court has before it two petitions, one requesting that the chambers for Judgeship No. 4 in New Rockford be relocated 17 miles south to Carrington, and the second requesting that the chambers be relocated to Lisbon, which is 139 miles to the southeast of New Rockford. Notice of a hearing on the petitions to transfer chambers was posted June 15, 2010, on the website of the Supreme Court. Notice was also published in newspapers in the counties of the Southeast Judicial District. The hearing was held in the Ralph J. Erickstad Courtroom of the Supreme Court on July 14, 2010.

[¶ 9] Section 4 of N.D. Sup.Ct. Admin. R. 7.1, provides the criteria for consideration in designating resident district court judgeship chambers. In reviewing the information provided, our own statistics, and the comments made at the hearing, we are not persuaded the chambers should be moved from New Rockford.

[¶ 10] The Southeast Judicial District has seven judgeships chambered in five locations to serve the eleven counties of the district. The chambers are currently located in New Rockford, Jamestown, Valley City, Ellendale and Wahpeton. The placement of these chambers assumes there will be travel by the judges to effectively cover the cases filed in all of the counties of the district.

[¶ 11] Eddy, Foster, Griggs and Wells Counties, which are north of Interstate 94, are primarily served by the judge chambered in New Rockford. Barnes and Stutsman Counties have four judges chambered in Jamestown and Valley City. Dick-

ey, LaMoure, Ransom and Sargent Counties are primarily served by the judge chambered in Ellendale; and Richland County has a judge chambered in Wahpeton.

[¶ 12] If the weighted caseload statistics are examined, moving the chambers from New Rockford to Lisbon would cause a shortage of the equivalent of almost one judicial officer in Eddy, Foster, Griggs and Wells Counties. Dickey, LaMoure, Ransom, Richland and Sargent Counties currently show a shortage of approximately the equivalent of one-half to three-quarters of a judicial officer. While there is currently an excess of judicial officer time in Barnes and Stutsman Counties, the decrease in driving time for those judges to travel north rather than south of Interstate 94 to cover for the shortage, is slight (an average of 8 miles).

[¶ 13] The petition to relocate the chambers from New Rockford to Carrington was brought by the trial court administrator for Unit 2, and is supported by the presiding judge of the Southeast judicial district. The assessment of the trial court administrator is not taken lightly, however, a compelling basis has not been shown to relocate a judgeship chambers 17 miles from an already established chambers that is ready for use when a new judge is appointed.

[¶ 14] In projecting travel distances, we are mindful the governing statute, Section 27–05–08, N.D.C.C., does not require a judge to live in the city where the chambers are located, but only requires the judge to live within the district where the chambers are located. Therefore, the actual impact on travel time of the judge appointed to Judgeship No. 4 is unknown at this time.

[¶ 15] The Report filed by the Southeast Judicial District indicates that every county in the district maintains court facilities, and that the individual counties take great pride in their local courthouses, especially the courtrooms. We are appreciative of the cooperative relationship we have with the counties in the district.

[¶ 16] The requirement of adequate judicial services must be the primary consideration of the Court's exercise of its authority to designate the location of judgeships under Section 27–05–02.1, N.D.C.C. We recognize some of the factors favor moving a judgeship, however, this vacancy does not appear to be the most appropriate vacancy in the district to transfer, and we do not believe a review of the factors compels a transfer of Judgeship No. 4.

[¶ 17] IT IS HEREBY ORDERED, that Judgeship No. 4 of the Southeast Judicial District, with chambers in New Rockford, be filled in the manner provided by N.D.C.C. Chapter 27–25.

[¶ 18] GERALD W. VANDE WALLE, C.J., DALE V. SANDSTROM, MARY MUEHLEN MARING, CAROL RONNING KAPSNER, and DANIEL J. CROTHERS, JJ., concur.